UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL TILTON, | No. 2:17-cv-1738 MCE KJN P |
|---|---|
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| SCOTT KERNAN, et al., | |
| Respondents. | |

I. Introduction

Petitioner is a former state prisoner, on parole, proceeding with a petition for writ of habeas corpus, filed under 28 U.S.C. § 2241. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). Respondent filed a motion to dismiss this action on the grounds that petitioner failed to state any cognizable federal habeas claims. Petitioner filed an opposition; respondent filed a reply.[1]

As set forth below, respondent's motion to dismiss should be granted.

////

---

[1] Subsequently, petitioner filed a document entitled "Rebuttal to Reply to Opposition to Motion to Dismiss." (ECF No. 15.) When a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence in a sur-reply. El Pollo Loco v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003). Defendants' reply addressed the argument in petitioner's opposition; it raised no new theories. Accordingly, petitioner's filing, construed as a sur-reply, is stricken.

1

II. Background

On November 13, 2002, petitioner pled nolo contendere to one count of continuous sexual abuse of a child under age 14. People v. Tilton, No. F042261, 2003 WL 22310463, at *1 (Cal. Ct. App. Oct. 9, 2003). Petitioner was sentenced to an upper state prison term of 16 years; the plea agreement did not include a cap on the prison term. Id. Petitioner states the sentence included a fifteen percent good conduct credit. (ECF No. 1 at 25.)

Petitioner was released from state prison on parole on April 30, 2016. (ECF No. 1 at 1.)

Petitioner filed a previous federal petition for writ of habeas corpus challenging his 2002 conviction in Tilton v. Tilton, No. 1:07-cv-1795 LJO TAG (E.D. Cal.). On July 18, 2008, the petition was denied as barred by the one year statute of limitations, 28 U.S.C. § 2244(d)(1).

Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court, HC# 15220A, which was denied in a reasoned decision on November 4, 2016. (ECF No. 1 at 93.) The Kern County Superior Court referenced a prior decision issued in KCSC# HC14730A. (ECF No. 1 at 93; see also No. 1 at 83-85.)

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which was denied on February 17, 2017. (ECF No. 1 at 96.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied without comment on July 19, 2017. (ECF No. 1 at 6, 98.)

The instant federal petition was filed on August 21, 2017. (ECF No. 1.)

III. Section 2241 or 2254?

Petitioner claims to seek relief under 28 U.S.C. § 2241. Respondent's motion addresses the petition as if it were filed under 28 U.S.C. § 2254.

State petitioners are limited from seeking relief under 28 U.S.C. § 2241[2] to the extent they

---

[2] 28 U.S.C. § 2241 provides the federal courts with general habeas corpus jurisdiction. See Magana-Pizano v. INS, 200 F.3d 603, 608 & n.4 (9th Cir. 1999). It states: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Courts have held that prisoners may file § 2241 petitions under certain circumstances in which petitions under § 2254 (for state prisoners) or § 2255 (for federal prisoners) are unavailable. See Felker v. Turpin, 518 U.S. 651, 659 n.1, 661-63 (1996) (holding that AEDPA did not repeal authority of United States

may instead seek relief under 28 U.S.C. § 2254.[3] See Greenawalt v. Stewart, 105 F.3d 1287, 1287-88 (9th Cir. 1997) (*per curiam*). Generally, a petitioner who wishes to challenge the legality of his state conviction or sentence must file a 28 U.S.C. § 2254 petition.

Because petitioner is on parole, he is "in custody" for purposes of § 2254. See, e.g., Jones v. Cunningham, 371 U.S. 236, 242-43 (1963), Goldyn v. Hayes, 444 F.3d 1062, 1064 n.2 (9th Cir. 2006).

Here, petitioner states that he does not challenge the underlying conviction, but argues that because his sentence expired, there is no state court judgment imposing petitioner's current imprisonment, so he must proceed under § 2241.

However, as explained in more detail below, petitioner is mistaken that his sentence has expired. Moreover, the gravamen of the petition is that petitioner is subjected to an unconstitutional parole scheme, essentially arguing that he is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). Although petitioner objects to having to pay for counseling and polygraph testing and registering his address, such objections are in the context of his mistaken belief that he is subject to an unconstitutional parole scheme because his sentence is allegedly expired. Thus, the undersigned construes the instant petition as brought under § 2254. See Thornton v. Cate, 2012 WL 1581002 (S.D. Cal. May 4, 2012) (explaining some courts allow prisoners or parolees to proceed under both § 2254 or § 2241 when challenging the conditions of parole).

Moreover, although petitioner previously challenged his 2002 conviction, his challenge to the parole term is not barred as second or successive. See Hill v. Alaska, 297 F.3d 895, 899 (9th Cir. 2002) (no second or successive authorization required for parole-related claim because prisoner challenged calculation of parole term, and did not have opportunity to raise it at time he was challenging conviction and sentence in first petition).

---

Supreme Court to entertain original habeas petitions under § 2241, but adding that authority to grant relief to state prisoners is limited by § 2254).

[3] 28 U.S.C. § 2254 allows a state prisoner to challenge his detention by filing a petition for habeas corpus in federal court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3

1    Accordingly, petitioner has not demonstrated that he is precluded from seeking relief
2    under § 2254, and the undersigned construes the petition as filed under 28 U.S.C. § 2254.

IV.  The Petition

Petitioner contends that on April 30, 2016, he completed his term of incarceration imposed under the Determinate Sentencing Law ("DSL").  Despite the completion of his sentence, petitioner argues that he was subjected to a separate term of imprisonment and punishment by the imposition of the parole scheme enacted by the California legislature, by means of a Bill of Attainder,[4] rendering it unconstitutional.  (ECF No. 1 at 23, 28.)  Petitioner argues that the parole scheme is unconstitutional because it imposes greater punishment than what the statutory law defining his crime allows; denies petitioner the fundamental right to privacy, equal protection, due process, and therefore is unconstitutional as applied to petitioner.  (ECF No. 1 at 28-9.)  Petitioner argues that California's parole scheme does not meet the constitutional definition of parole:  "[t]he essence of parole is *release from prison before the completion of sentence*, on the condition that the prisoner abide by certain rules during the balance of the sentence."  Morrissey v. Brewer, 408 U.S. 471, 477-78 (1972) (emphasis added (ECF No. 1 at 37).).  Petitioner was sentenced under the DSL, which requires prisoners to serve their complete terms and then also serve a period of parole, which he argues conflicts with the Supreme Court's definition of parole, citing Morrissey.  Petitioner argues he is not currently serving a court-imposed sentence.  Petitioner also argues that California's parole scheme violates the Double Jeopardy Clause because it subjects petitioner to a second punishment; violates the Takings Clause, because he is required to enroll in a sex-offender counseling program and undertake periodic polygraph tests, both of which he must pay for; violates the Eighth Amendment because the parole conditions impose excessive fines and the parole inflicts cruel and unusual punishment; and violates the Due Process Clause because it denies petitioner the fundamental right to privacy.  Petitioner argues that imposing any parole condition, including a requirement that he notify law enforcement of his address, violates the Eighth Amendment.  As relief, *inter alia*, petitioner seeks

---

[4] A Bill of Attainder exists where the legislature takes one class of people and inflicts specific punishment in violation of their constitutional rights.  U.S. v. Brown, 381 U.S. 437, 446 (1969).

4

an order staying enforcement of parole and enjoining respondents from applying and enforcing a term of parole on petitioner, essentially seeking release from parole.

V. Motion to Dismiss

    A. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

    B. The Parties' Positions

        1. Respondent's Motion

Respondent contends that under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitioner may obtain relief only if the state courts unreasonably applied clearly established federal law by denying his claims. Respondent argues that there is no clearly established federal law: (a) requiring states to model their parole schemes on federal law; or (b) requiring convicted felons to serve a period of parole upon their release from prison (i) violates the Double Jeopardy Clause, (ii) constitutes a Bill of Attainder, (iii) violates due process, or (iv) violates the Eighth Amendment; or (c) requiring a convicted sex offender to pay for sex offender treatment while on parole constitutes an impermissible taking or imposes an excessive fine; or (d) imposing parole conditions on a convicted felon, including a residence notification requirement, violates the Fourth or Eighth Amendments. (ECF No. 12 at 2.) Respondent argues that "habeas corpus relief is limited to correcting 'extreme malfunctions in the state criminal justice system,' and [petitioners] are only entitled to relief 'where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents.'" (ECF No. 12 at 3, quoting Harrington v. Richter, 562 U.S. 86, 102-03 (2011).) Respondent contends that under Carey v. Musladin, 549 U.S. 70, 74 (2006), this court is required to apply United States

Supreme Court holdings, not dicta, governing at the time of the state court's adjudication. (ECF No. 12 at 3.) For example, respondent points to Musladin, where the court held that, despite clearly-established federal law governing state-sponsored courtroom practices, there was no clearly established law regarding the prejudicial effect of spectators' courtroom conduct on fair trial rights. Id. Respondent argues that there is no clearly established federal law supporting petitioner's claims, and that there is Supreme Court authority suggesting that California may impose a requirement that convicted felons must serve a period of parole after completion of their sentence and may impose conditions of parole that can include mandatory sex offender treatment and a residence notification requirement, citing Samson v. California, 547 U.S. 843, 851-52 (2006). (ECF No. 12 at 4.) Because no clearly established federal law supports petitioner's claims, respondent argues that petitioner cannot meet his burden under AEDPA, and the petition should be dismissed for failure to state a cognizable federal habeas claim.

### 3. Opposition

Petitioner counters that his grounds for relief are not about parole; rather, they are about due process of law and the manner in which California imprisons and punishes inmates following the expiration of the prison sentence, again relying on Morrissey, 408 U.S. at 477. (ECF No. 13 at 3.) Petitioner argues that "imprisonment and punishment by the court is divorced from the imprisonment and punishment imposed by respondents," and that because his sentence has expired, his present imprisonment and punishment is not pursuant to a court judgment. (ECF No. 13 at 6-7.) Petitioner argues that he does not question the constitutionality of parole, per se, where the prisoner is released from prison before the completion of the sentence, but rather where the sentence imposed expires before the parole term is imposed. (ECF No. 13 at 10.) Petitioner reiterates that his allegedly unauthorized parole term violates the Double Jeopardy Clause, constitutes a Bill of Attainder, and violates the Eighth Amendment because it allegedly subjects him to additional punishment without judicial authorization. (ECF No. 13 at 11-14; 19-20.) Petitioner argues that it does not matter that the parole was imposed as a statutory mandate, because he has served his sentence, and thus any parole term imprisons and punishes him without due process of law. (ECF No. 13 at 25.) Further, petitioner contends the requirements that he

pay for and attend counseling and polygraph testing constitute an illegal taking without just compensation in violation of the Takings Clause, and constitutes an excessive fine in violation of the Eighth Amendment. (ECF No. 13 at 15-18.)

4. Reply

Respondent argues that petitioner's "opposition is fatally flawed because he contends that AEDPA's limitations are inapplicable," and fails to provide any Supreme Court authority holding that California may not impose a parole period with the challenged conditions of parole. (ECF No. 14 at 1.)

C. Discussion

Initially, the undersigned notes that California's Determinate Sentencing Law became operative on July 1, 1977, and includes mandatory parole. See Guzman v. Morris, 644 F.2d 1295, 1296 (9th Cir. 1981).[5] The imposition of mandatory parole was in effect long before petitioner was sentenced for the underlying offense. In California, parole is a mandatory consequence of petitioner's nolo contendere plea. See Cal. Penal Code § 3000(a); Price v. Schwarzenegger, 344 Fed App'x 375 (9th Cir. 2009).

Allegedly Unconstitutional Parole Scheme

The authorities cited by petitioner do not demonstrate that respondents have an unconstitutional policy of forcing state prisoners to serve illegal terms of parole. The law dictionary defines "parole" as "[t]he release of a prisoner from imprisonment before the full sentence has been served." Black's Law Dictionary 1139 (7th ed. 1999). In Morrissey v. Brewer, two Iowa state prisoners who were not accorded hearings in their parole revocation proceedings presented the Supreme Court with the question of what process is due in such proceedings. 408 U.S. 471 (1972). Before determining that hearings are required in parole revocation proceedings, the Court reflected on the function of parole in the correctional system, describing "the practice of releasing prisoners on parole before the end of their sentences" as an integral part of the

---

[5] "Guzman was not resentenced by the CRB, but merely had his release date redetermined. The delegation of this kind of authority to a non-judicial body is well-settled . . . There is no violation of the double jeopardy clause, because Guzman simply was not put in jeopardy twice for the same offense." Id.

7

penological system and "an established variation on imprisonment of convicted criminals" intended to help prisoners "reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed." Id. at 477. The Court noted that "[t]he essence of parole is release from prison, before the completion of sentence." Id. at 477-78.

The key word in both the dictionary definition of "parole" and in the Supreme Court's discussion in Morrissey is not the word "parole" but the word "sentence." The term "sentence" is defined in the law dictionary as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer." Black's Law Dictionary 1367 (7th ed. 1999). The word "sentence" encompasses all forms of punishment, from fines to imprisonment to the death penalty. A sentence often includes multiple forms of punishment.

In California, the statute cited by petitioner makes parole mandatory in almost all cases in which the criminal defendant is sentenced to a term of imprisonment. See Cal. Penal Code § 3000(a)(1). The period of parole is part of a defendant's sentence, and the length of time a defendant may be kept on parole after serving a prison term is governed by the provisions of § 3000. People v. Jefferson, 21 Cal.4th 86, 95-96, 86 Cal.Rptr.2d 893, 899 (1999) ("the prison 'term' is the actual time served in prison before release on parole, and the day of release on parole marks the end of the prison term"). These principles, i.e., that (1) a period of parole is not part of a defendant's prison "term" and (2) the length of time a defendant may be retained on parole is measured by the statute, are applicable to determinate sentences and to indeterminate sentences of life imprisonment with the possibility of parole. Id., 21 Cal.4th at 96. See also People v. Britton, 156 Cal.App.3d 689, 202 Cal.Rptr. 882 (1984) (stating that enactment of the law making parole mandatory in almost all cases was in essence a finding that parole is a separate term to be served after the initial term of imprisonment has been completed).

In the present case, 16 years was not petitioner's maximum sentence. In other words, his sentence did not expire, as he claims, upon the completion of his incarceration. Rather, 16 years was his maximum prison term, to be followed by any parole term mandated by California Penal

8

Code § 3000. Thus, petitioner's parole term is not inconsistent with the dictionary definition of parole or the discussion of parole in Morrissey, because petitioner was not released from imprisonment before his full sentence, which includes both a term of imprisonment and a term of parole, has been served. See Britton v. Woodford, 2006 WL 278579, at *4-5 (E.D. Cal. Feb. 2, 2006) (recommending, in findings and recommendations adopted on March 28, 2006, that the defendants' motion to dismiss for failure to state a claim be granted where the plaintiff challenged the constitutionality of California's statutorily mandated period of parole following a fully served term of imprisonment); Crosby v. Woodford, 2006 WL 190827, at *4 & n.10 (E.D. Cal. Jan. 23, 2006) (recommending, in findings and recommendations adopted on March 21, 2006, that the defendants' motion to dismiss be granted where the plaintiff sought immediate release on the ground that California's statutory parole scheme is unconstitutional);[6] Gonzales v. Brown, 2005 WL 3310019, at *3-4 (N.D. Cal. Dec. 7, 2005) (denying habeas relief where the petitioner contended that he was being kept in custody unlawfully after completing his prison term and all available parole violation terms). Indeed, in Crosby, the judge commented that:

> Plaintiff's conceptual miscue here on the merits is that he does not view parole as part of his criminal sentence. It certainly is. Nothing in Morrissey v. Brewer, a case concerned with procedures to be used for parole revocation, created a constitutionally defined parole definition which was then binding upon the state. . . . If plaintiff had disclosed to his sentencing judge that he would refuse to abide by parole conditions, the sentencing judge may well have given him the statutory maximum prison sentence. Moreover, nothing in the federal constitution would preclude a state from mandating parole after service of a statutory maximum term. Indeed, that is how the federal sentencing laws are presently set up. One serves a prison term (including a prison term that is a statutory maximum), and one is also sentenced to supervised release with conditions (i.e., just like a parole term).

Crosby, 2006 WL 190827, at n.10. In Wilson, the court explained:

> "California's parole system -- with its fixed 3-year paroles for a large class of convicts, its allowance of multiple parole revocations, and its allowance of different parole revocation terms so that more serious violations receive more serious parole revocation terms -- is

---

[6] In Britton and Crosby, the plaintiffs alleged that various California state statutes, including § 3000, violated their federal constitutional rights under the Fourth, Fifth, Eighth, Fourteenth, and Fifteenth Amendments, and constituted a Bill of Attainder. Id.

9

>not barred by Morrissey." Gonzales v. Brown, 2005 WL 3310019, at *4 (N.D. Cal. Dec. 7, 2005). Thus, Morrissey did not constitutionally preclude parole from being part of a defendant's criminal sentence, and the fact that other states may have parole schemes that allow for earlier release from prison has no bearing on petitioner's situation; nor does it invalidate petitioner's parole term on equal protection grounds.

Wilson v. Schwarzenegger, 2010 WL 5422548, at *6 (C.D. Cal. Nov. 16, 2010), report and recommendation adopted, 2010 WL 5523188 (C.D. Cal. Dec. 21, 2010)

The Double Jeopardy Clause precludes punishing a defendant multiple times for the same offense, and prohibits successive prosecutions for the same offense after acquittal or conviction. North Carolina v. Pearce, 395 U.S. 711 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989); In re Kurth Ranch, 986 F.2d 1308, 1310 (9th Cir. 1993). The imposition of a parole term is not a criminal prosecution, and petitioner offers no authority demonstrating that the Double Jeopardy Clause applies to the imposition of a mandatory parole term. For these reasons, petitioner's double jeopardy claim is baseless.

A mandatory parole term is "presumptively valid" so long as it falls "within legislatively mandated guidelines." United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir. 1998) ("Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on Eighth Amendment grounds."). Moreover, while on parole, petitioner has a lower expectation of privacy. Samson, 547 U.S. at 852 ("Examining the totality of the circumstances pertaining to petitioner's status as a parolee, 'an established variation on imprisonment,' Morrissey, 408 U.S., at 477, including the plain terms of the parole search condition, we conclude that petitioner did not have an expectation of privacy that society would recognize as legitimate.")[7] (citing Cal. Penal Code § 3067(a) ("Any inmate who is eligible for

---

[7] In Samson, the Supreme Court held that "a condition of release can so diminish or eliminate a released prisoner's expectation of privacy that a suspicionless search by a law enforcement officer would not offend the Fourth Amendment." Samson, 547 U.S. at 847. In so holding, the Court drew a distinction between the degree of privacy that can reasonably be expected by parolees on the one hand and probationers on the other. See id. at 850. Referring to its decision in United States v. Knights, 534 U.S. 112, 119 (2001), the Court explained that on the "'continuum' of state-imposed punishments . . . . parolees have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment." Samson, 547 U.S. at 850.

release on parole pursuant to this chapter shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause.")).

In addition, as argued by respondent, petitioner failed to cite to any Supreme Court authorities holding that California's parole scheme constitutes a Bill of Attainder, or violates due process, the Eighth Amendment, or the Double Jeopardy Clause. No habeas relief is warranted where petitioner fails to demonstrate that the state court's denial of his claim was contrary to Supreme Court precedent.

Similarly, petitioner's claims that the requirements that he attend and pay for counseling and polygraphs, and register his address, violate the Eighth Amendment and the Takings Clause, are also unavailing.

The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines be imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." Morrissey, 408 U.S. at 477. "Although parolees 'should enjoy greater freedom in many respects than a prisoner, . . . the Government may . . . impose restrictions on the rights of the parolee that are reasonably and necessarily related to the [Government's] interests.'" See Doe v. Harris, 772 F.3d 563, 571 (9th Cir. 2014), quoting Birzon v. King, 469 F.2d 1241, 1243 (2d Cir. 1972).

Here, petitioner cites no United States Supreme Court precedent prohibiting the government from requiring sex offenders to pay for and attend counseling and polygraph testing, or from requiring a parolee to report his address to law enforcement,[8] and the undersigned has

---

[8] "California law has long required registered sex offenders to report identifying information, such as their address and current photograph, to law enforcement." See Doe v. Harris, 772 F.3d at 567, citing Cal. Penal Code §§ 290.012, 290.015. Indeed, as the Kern County Superior Court stated, petitioner must register as a sex offender whether or not he is on parole. Cal. Penal Code § 290(c). (ECF No. 1 at 84.) "Parole supervision is . . . designed to thwart recidivism." (ECF No. 1 at 85.) "The state has a compelling interest to ensure public safety and to prevent sex

11

found none. Thus, petitioner's allegations cannot be said to violate clearly established federal law. See Musladin, 549 U.S. at 77 ("Given the lack of holdings from this Court regarding" the claim, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"); Brewer v. Hall, 378 F.3d 952, 955 (9th Cir.) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law."), cert. denied, 543 U.S. 1037 (2004). Petitioner served his 16 year prison term, and is now serving a mandatory parole term, all of which is part of petitioner's 2002 sentence. Thus, petitioner's reliance on Morrissey is unavailing, as are his myriad arguments that he is being subjected to an unconstitutional parole scheme. Respondent's motion should be granted.[9]

### Alleged Misinterpretation of State Law

Finally, to the extent petitioner argues that respondents are misinterpreting California state law, such argument provides no basis for habeas relief. "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Swarthout v. Cooke, 562 U.S. 216,

---

offenders from reoffending. Cal. Penal Code § 3003.5(a) *et seq*. (ECF No. 1 at 93.)

[9] Federal law does recognize a liberty interest in parole, but this interest is limited to certain procedural requirements in reaching the decision whether to grant parole, see Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979), or to revoke parole, see Morrissey, 408 U.S. at 471. A state prisoner's parole placement and conditions thereto are matters solely within the discretion of each state. In California, the courts recognize that the state Legislature has given CDCR "exclusive jurisdiction and full discretion to determine a parolee's placement." Susanville v. CDCR (2012) 204 Cal. App. 4th 377, 382 (citing, *inter alia*, Cal. Pen. Code § 3003 (setting forth criteria for community placement)); and In re Roberts (2005) 36 Cal. 4th 575, 588 ("[t]he executive branch has 'inherent and primary authority' over parole matters"). "The Legislature has given the CDCR and its DAPO [Division of Adult Parole Operations] expansive authority to establish and enforce rules and regulations governing parole, and to impose any parole conditions deemed proper. These conditions must be reasonable, since parolees retain constitutional protection against arbitrary and oppressive official action. Nevertheless, the conditions may govern a parolee's residence, his associates or living companions, his travel, his use of intoxicants, and other aspects of his life." In re E.J. (2010) 47 Cal. 4th 1258, 1283 (citations and internal quotation marks omitted); see also Cal. Pen. Code § 3067 (terms and conditions of parole).

12

219 (2011).

## Conclusion

For all of the above reasons, respondent's motion to dismiss should be granted. Because petitioner cannot amend his pleading to state a cognizable federal habeas claim challenging the constitutionality of California's parole scheme, the dismissal should be without leave to amend. Therefore, this action should be dismissed with prejudice. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989) (where pleading deficiencies cannot be cured by amendment, dismissal with prejudice is appropriate).

## V. Motion for Injunctive Relief

Because petitioner's challenge to California's parole scheme on various constitutional grounds fails, he cannot demonstrate success on the merits, and his motion for injunctive relief should also be denied.

## VI. Request for Appointment of Counsel

In light of these findings and recommendations, petitioner's motion for appointment of counsel is denied.

## VII. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's unauthorized sur-reply (ECF No. 15) is stricken; and

2. Petitioner's request for the appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 12) be granted;

2. Petitioner's motion for injunctive relief (ECF No. 16) be denied; and

3. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 7, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tilt1738.mtd.hc+